UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

..................................................................................X

IN RE:

ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER　　　　MDL No. 2859
HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND
VERSYS FEMORAL HEAD PRODUCTS LIABILITY
LITIGATION　　　　　　　　　　　　　　　　　　　　　　18-MD-2859(PAC)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　18-MC-2859(PAC)
*This Document Relates to All Actions*

..................................................................................X　　　**Order No. 42**

PAUL A. CROTTY, United States District Judge:

## DEPOSITION PROTOCOL

The parties have agreed upon the following Order governing the taking of depositions.

1. This Order applies to all depositions taken in cases pending in MDL No. 2859.

2. This Order supplements the Joint Coordination Order, Order No. 10. If the protocols in this Order are deemed to conflict with any provisions in the Joint Coordination Order, the protocols in this Order shall control.

3. Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure. All depositions shall be noticed and conducted pursuant to the Federal Rules and this Order.

4. Although this Order governs all depositions noticed or cross-noticed in this multidistrict litigation, the parties may stipulate to different arrangements. If one party believes that a particular deposition requires an exception from this protocol but the other party does not agree, the party seeking an exception may submit to the Court a letter of not more than 3 single-spaced pages, setting forth its position and the parties' efforts to resolve the dispute. The other party may then submit a responding letter of no more than 3 single-spaced pages within 3

business days. If the Court permits a reply, it shall not exceed 2 single-spaced pages and should be submitted within 2 business days of the responding letter.

I. **SCHEDULING AND LOGISTICS**

    a. **Scheduling and notice**

5. The parties shall cooperate on selecting a mutually convenient date, time, and location for each deposition.

6. Each deposition notice shall comply with Fed. R. Civ. P. 30(b). The deposition notice shall include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time, and location of the deposition. The notice shall clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means.

7. Notices for deposition shall be served by e-mail or other electronic means on the Parties.

8. The party who notices the deposition shall arrange for and pay the costs of the court reporter and videographer (if any).

9. Each side shall bear its own costs in securing copies of the deposition transcript and exhibits, videotape, or DVD from the court reporter.

10. Generally speaking, the party who notices a third-party deposition shall question the witness first in the deposition. For treating physician depositions, Zimmer will question the witness first in those cases in which Zimmer is prohibited under state privilege law from speaking *ex parte* to the treating physicians prior to the deposition (*Goode*, *Pride* for initial bellwethers), while Plaintiffs will question the witness first in those cases in which Zimmer is

permitted to speak *ex parte* to the treating physicians prior to the deposition (*Little, Nutting* for initial bellwethers).

Should a non-noticing party in other depositions believe that it should question a witness first, the non-noticing party may raise the issue with the noticing party. If the parties cannot resolve the dispute, the non-noticing party may file a motion with the Court seeking the right to question the witness first at the deposition.

11. This Order, in its entirety, shall be attached to any subpoena or notice that relates to the deposition of a third-party witness.

### b. Remote Participation During COVID-19 Pandemic

12. Due to various governmental directives aimed to facilitate social distancing and to protect the health and safety of the public in light of the COVID-19 pandemic, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via videoconference or other remote audiovisual means, and may be recorded by any reliable audiovisual means. The parties recognize that the effects of the COVID-19 virus have had a profound impact on the United States Court System and the daily operations of business and individuals, and the parties agree that they will jointly use their best efforts to accomplish what can reasonably be accomplished during this unprecedented time.

13. Pursuant to Fed. R. Civ. P. 30(b)(5), the parties agree and stipulate that during the COVID-19 public health crisis—and in accordance with state, federal, and world health organizations' guidance—a deposition will be deemed to have been conducted "before" an officer authorized by Fed. R. Civ. P. 28 to administer oaths so long as that officer attends the deposition via the same remote means (*e.g.*, video conference) used to connect all other remote participants.

14. The Parties agree that they will not object to the admission of remote depositions conducted in accordance with these protocols at trial on the basis that they were not conducted or recorded in person.

15. If technical difficulties prevent the deposition from taking place or continuing, the parties will reconvene the deposition at the next available date and time for the parties and witness.

16. Nothing in this Order prevents the parties from conducting in-person depositions once the COVID-19 public health risks subside and mitigation measures, including social distancing, meant to reduce the increase in person-to-person transmission of the virus are lifted. The parties must conduct themselves in a good faith effort to best fulfill the goals of Fed. R. Civ. P. 1 while avoiding unnecessary health risks in light of the COVID-19 pandemic and recognizing the practical obstacles to discovery that the pandemic may create.

    c. **Means of Recording Depositions**

17. A certified court reporter shall stenographically record all deposition proceedings and testimony. The written transcript prepared by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, and the like.

18. In all videotaped depositions, the operator of the videotape recording equipment is subject to the provisions of Fed. R. Civ. P. 28(c). At the start of the deposition, the operator shall swear or affirm to record the proceedings fairly and accurately.

19. Each witness, attorney, and other person attending the deposition (in person or remotely) shall be identified on the record at the commencement of the deposition. The videotape recording shall include the court reporter administering the oath or affirmation to the

-5-

witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

20. The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. The witness shall appear in appropriate business attire and without objects such as a bible, medical equipment, or props, notwithstanding those objects presented and/or provided to the witness by questioning counsel such as exemplar devices.

21. Video recording will be suspended during all "off the record" discussions.  The deposition will remain "on the record"  until the video operator notes that the proceedings are "off the record."

22. At the conclusion of the deposition, a statement shall be made on the videotape, on the audio recording, and in the stenographic record that the deposition has concluded and will set forth any stipulations between the parties.

23. The videotape operator shall use recording equipment with an appropriate timer and, unless otherwise agreed to by the parties, shall prepare and provide counsel with a log, cross-referenced with timestamps, that identifies the portion of the recording at which examination by different counsel begins and ends, when exhibits are used, and when there is any interruption of continuous tape recording, whether for recess, "off the record" discussions by counsel, mechanical failure, or other interruption.

24. The video operator shall maintain custody of the original video medium in its original condition, without editing in any fashion.  The parties will retain the right to obtain and possess copies of the video.  No part of the video or audio record shall be released or made available to the public unless authorized by an order of the Court.

-5-

US 127200227.01

-6-

## II.   RULE 30(b)(6) DEPOSITIONS

25.   The notice for the deposition of an entity under Fed. R. Civ. P. 30(b)(6) shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters.

26.   The time allowed for a witness presented in a Rule 30(b)(6) capacity will be negotiated between counsel based upon the matters for examination identified in the notice.

27.   To the extent feasible, each witness who is deposed both as a Fed. R. Civ. P. 30(b)(6) witness and in an individual capacity will be presented for one day or consecutive days to cover both capacities limited to ten total hours or otherwise negotiated between counsel pursuant to ¶ 26. In such instances, counsel will make every effort not to conduct duplicative or repetitive questioning of the witness.

28.   In accordance with the Joint Coordination Order, Order No. 10, ¶ 21, no more than three counsel for Plaintiffs will have an opportunity to question each witness designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

## III.   OBJECTIONS AND CONSULTING WITH A WITNESS DURING THE DEPOSITION

29.   The only objections allowed during the deposition are those for the following bases: form of the question, foundation, privilege, confidentiality, or a limitation imposed by court order. All objections, except as to form, foundation, privilege, confidentiality, or being in violation of a court order, shall be preserved for ruling at trial or other use of the deposition.

30.   Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the grounds of privilege, information that violates a Court order, the witness being asked to disclose Confidential or Highly Confidential Information in the presence of a person not entitled to disclosure of that information, or a party

-7-

or witness seeks to move to terminate or limit the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the party or witness.

31. Consistent with Local Rule 30.4, an attorney for a deponent shall not initiate a private conference with the deponent while a deposition question is pending, except for the purpose of determining (a) whether a privilege should be asserted, (b) whether disclosure of information may violate a court order, or (c) addressing an issue regarding confidentiality or whether the information sought is subject to an applicable protective order..

## IV. TRANSCRIPT AND TIME TO REVIEW TRANSCRIPT

32. Unless waived by the deponent, the deposition transcript shall be submitted to the deponent for correction and signature, and shall be corrected and signed within forty-five (45) days after receiving the official transcript from the court reporter. This time period shall not be extended, absent good cause shown or agreement of the parties. Corrections to a deposition shall be listed on an errata sheet signed by the deponent and the court reporter shall serve copies of the errata sheet on all parties purchasing the transcript. Should the deponent fail to submit corrections within forty-five (45) days, the transcript will be presumed accurate, and all parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections needed.

Unless waived by the deponent's counsel, deposition transcripts will temporarily be designated confidential pursuant to the Protective Order, Order No. 12. The parties will have forty-five (45) days upon receipt of the transcript to review the transcript for appropriate confidentiality designations.  Should no party designate any part of the transcript confidential within forty-five (45) days, the transcript will be presumed not confidential, and all parties shall

have the right to use transcript as if it were a public document. If there is a dispute as to the confidential designations, in any, the parties are to follow the procedures in Order No. 12, ¶ 10.

Upon receipt of the transcript, counsel for the party noticing the deposition shall email opposing counsel to inform them they have received a copy of the transcript and to confirm the deadline for completing any errata sheets and confidentiality designations, to help ensure that all parties are aware of the transcript's completion.

## V.     EXPERT DEPOSITIONS

33.     Each party shall bear the costs of witness fees and travel expenses of its own experts relating to depositions.

34.     If free office space is unavailable to accommodate an expert deposition, it is the requesting party's obligation to pay to rent reasonably accommodating space for the deposition.

35.     If an expert is designated as a case-specific expert on more than one bellwether case, then for each case beyond the first, that expert may be deposed for an additional 3 hours.

36.     The parties may seek additional deposition time for an expert beyond the limitations of this Order through agreement of the parties or through a motion to this Court for good cause shown.

APPROVED the 27th day of April, 2020.

_____
Honorable Judge Paul A. Crotty
U.S. District Court Southern District of New York