UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE: ZIMMER M/L TAPER HIP  :
PROSTHESIS OR M/L TAPER  :  MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV  :
TECHNOLOGY AND  :  18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS  :  18-MC-2859 (PAC)
LIABILITY LITIGATION  :
 :  **ORDER NO. 45**
*This Document Relates to All Cases*  :
---------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

      This Order resolves a dispute among the Parties in this multi-district litigation regarding the taking of depositions during the ongoing COVID-19 pandemic.

      The Plaintiffs' Executive Committee ("PEC") and Defendant Zimmer ("Defendant," "Zimmer") first brought the dispute to the Court's attention in a status letter submitted ahead of a telephonic conference that was held on July 9, 2020.  Dkt. 273, at 2–4; Minute Entry dated July 9, 2020.  The Parties plan to depose approximately 20 witnesses over the coming months, and Zimmer initially argued that the depositions should all be done remotely, while the PEC insisted that they all be done in person.  Tr., Conf. July 9, 2020, at 6:22–26:16.  The Court instructed the Parties to meet and confer and heard renewed arguments at a second teleconference on July 15.  *Id.* at 26:17–24.  The Parties were unable to reach agreement on which depositions, if any, could be taken in person and which would be conducted remotely.  Dkt. 277, at 4; Tr., Conf. July 15, 2020, at 5:1–7:25.

      Remote depositions are presumptively legitimate under the Federal Rules of Civil Procedure, were regularly used by civil litigants before the pandemic, and have been widely employed now to overcome travel restrictions and social distancing measures.  Fed. R. Civ. P. 30(b)(3), (b)(4) ("The parties may stipulate—or the court may on motion order—that a

deposition be taken by telephone or other remote means."). *See also Rouviere v. Depuy Orthopaedics, Inc.*, 1:18-cv-04814 (LJL) (SDA), 2020 WL 3967665, at *3 (S.D.N.Y. July 11, 2020) ("Conducting court proceedings remotely in the Southern District of New York has become the 'new normal' since the advent of the public health emergency created by the spread of . . . COVID-19"); *Joffe v. King & Spalding LLP*, 17-CV-3392 (VEC), 2020 WL 3453452, at *6–7 (S.D.N.Y. June 24, 2020); *In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 14 MD 2542 (VSB) (SLC), 2020 WL 3104797, at *1 (S.D.N.Y. June 11, 2020) (stating that the parties had conducted 37 remote depositions during the months of the pandemic). Courts have favored flexibility instead of a rigid requirement that depositions be done either in person or remotely. *See Sinceno v. Riverside Church in the City of N.Y.*, 18-cv-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020). *See also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) ("[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds."). The Deposition Protocol drafted by Zimmer and the PEC after the onset of the pandemic and signed by the Court on April 27 reflects this same preference for flexibility. Dkt. 264, Order No. 42, ¶¶ 12–16.

In light of the arguments presented in their letters and at the two teleconferences, the conditions posed by the ongoing pandemic, the Federal Rules of Civil Procedure and the practice of other courts facing similar questions, the Court rules:

- Kevin Escapule, who is to be deposed as both an individual and Rule 30(b)(6) witness, has agreed to be deposed in person. Dkt. 277, at 2. His deposition will be held in person subject to his continued consent and the health protections agreed to by the Parties.
- Stephen Vankoski, who will be deposed in his individual and Rule 30(b)(6) capacities, will also be deposed in person subject to these same conditions. *Id.*

- Heather Kidwell, due to be deposed as a Rule 30(b)(6) witness only, does not consent to an in-person deposition. *Id.* She will be deposed remotely, with one Zimmer attorney in the room with her. A PEC attorney may be in an adjacent room, and a camera may be situated so as to view the Zimmer attorney throughout the deposition.

- Oludele Popoola also consents to being deposed in person, *id.*, and his deposition will be taken subject to the same protections and conditions as those of Escapule and Vankoski.

The witnesses have agreed to not wear masks during their in-person depositions, and the Parties will be limited to one attorney each in the room. Tr., Conf. July 15, 2020, at 9:9–25. Furthermore, the Court ORDERS that in addition to the protective measures described in the PEC's letters dated July 1 and July 7,[1] Dkt. 273, at 3 n. 6; Dkt. 277, Ex. B, at 2, the Parties may consider placing witnesses deposed in person behind Plexiglass shields, making hand sanitizer available, and adopting a protocol for the regular sanitization of the deposition room.

Dated: New York, New York
      July 17, 2020

SO ORDERED

*/s/ Paul A. Crotty*

_____
PAUL A. CROTTY
United States District Judge

---

[1] The PEC has agreed to "1) wear FDA-certified KN95 masks and provide them to all individuals present at a deposition, 2) wear gloves throughout the course of the deposition if requested, 3) sit more than six feet apart as recommended by social distancing guidelines, 4) limit the number of attorneys in the deposition room, and 5) be subject to a temperature screening at the beginning of each deposition day." Dkt. 273, at 3 n. 6.