UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE: ZIMMER M/L TAPER HIP
PROSTHESIS OR M/L TAPER
HIP PROSTHESIS WITH KINECTIV
TECHNOLOGY AND
VERSYS FEMORAL HEAD PRODUCTS
LIABILITY LITIGATION

*This Document Relates to All Cases*
------------------------------------------------------------x

MDL NO. 2859

18-MD-2859 (PAC)

18-MC-2859 (PAC)

**ORDER NO. 47**

HONORABLE PAUL A. CROTTY, United States District Judge:

The Court held a telephonic Conference in this multi-district litigation ("MDL") with the Plaintiffs' Executive Committee ("PEC") and Defendant Zimmer ("Zimmer") on August 5, 2020. This Order records the disposition at that Conference of several items raised by the Parties in their joint pre-Conference letter dated July 31, 2020. This Order further rules on a motion for a Protective Order filed by Zimmer.

## DISCUSSION

### I.   July 31 Letter

The Parties raised several outstanding matters in their July 31 joint pre-Conference letter; the Court heard argument at the August 5 Conference. Dkt. 287, at 1–4; Tr., Aug. 5 Conf., at 4:25–14:6. On the matter of the Court entering an Order requested by the PEC to maintain the confidentiality of deposition exhibits prior to their introduction, Dkt. 287, at 1, Zimmer agrees to the request and the Parties are ordered to jointly submit a draft order for the Court's approval. Tr., Aug. 5 Conf., at 5:3–17. The Parties further agreed to resolve their differences and submit a proposed amended scheduling order. Dkt. 287, at 2; Tr., Aug. 5 Conf., at 5:20–7:7. The Parties raised three disputes related to discovery. Dkt. 287, at 3–4. The Parties said that the dispute regarding SharePoint did not require judicial intervention, and that they would meet and confer

on the separate issue of what the PEC believes to be certain underreported adverse event and complaint data. *Id.* at 3–4; Tr., Aug. 5 Conf., at 7:22–13:21. As to the argument over production related to communications between Maine Medical Center and personnel at local Zimmer distributor Zimmer Biomet Northeast, Dkt. 287, at 3, the PEC will file its motion to compel on Monday, August 10, and Zimmer will respond by August 17. Tr., Aug. 5 Conf., at 8:18–11:21.

## II.     Zimmer's Motion for a Protective Order

Lastly, this Order resolves a dispute regarding Zimmer's request for a protective order precluding the depositions of Dr. Richard Berger ("Berger") and Dr. Paul Duwelius ("Duwelius") until those witnesses provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2)(B). Dkt. 286, at 1–2. The PEC resists this request. Dkt. 288, at 1. In addition to their briefs, the Parties argued their positions at the August 5 telephonic Conference. Tr., Aug. 5 Conf., at 14:7–23:22. Zimmer's motion is DENIED.

Berger and Duwelius were "design surgeons" who were among the twenty-one orthopedic surgeons who consulted with Zimmer during the development of the M/L Taper with Kinectiv Technology, one of the devices at issue in this MDL. Dkt. 286, at 1; Tr., Aug. 5 Conf., at 14:15–24. According to Zimmer, the PEC wants to depose the two doctors "to elicit what would be expert testimony . . . regarding their opinions of the merits of the Kinectiv, potential criticisms of the device, and any alleged issues they experienced with the device when used with patients outside the MDL." Dkt. 286, at 1.

As an initial matter, it is not clear Zimmer has standing to challenge these subpoenas, which are issued to non-party witnesses, and Zimmer does not even mount an argument that it does have standing. *See United States v. Tucker*, 249 F.R.D. 58, 60 n. 3 (S.D.N.Y. 2008) ("A party generally lacks standing to challenge a subpoena issued to a non-party absent a claim of

privilege or a proprietary interest in the subpoenaed matter.").

On the merits, the PEC is right that Zimmer here presents what is in fact an evidentiary dispute as though it is a discovery dispute. Dkt. 288, at 2–6. The cases Zimmer relies on all speak to the admissibility of testimony at trial. *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 3:11-MD-2244-K, 2016 WL 6268094, at *1 (N.D. Tex. Mar. 10, 2016) ("Before the Court are four motions filed by Defendants related to *trial testimony* from non-retained testifying experts.") (emphasis added); *In re World Trade Center Lower Manhattan Disaster Site Litig.*, No. 21-mc-102, 2014 WL 5757713, at *3 (S.D.N.Y. Nov. 5, 2014) ("Plaintiffs first argue that the physicians should be permitted to testify *at trial* as fact witnesses . . . .") (emphasis added). But from their papers it appears the PEC wants to depose Berger and Duwelius on their first-hand knowledge designing the Kinectiv components and their personal experiences using or not using those same components in their practices. Dkt. 288, at 6. The PEC says it wants to "depose Drs. Berger and Duwelius based on their first-hand knowledge about the Kinectiv device" and that "[m]uch of their testimony will be based in fact as a result of these doctors' own experiences as members of the design team and implanting surgeons who used the products for many years." *Id.* This would appear on the face of it to be non-expert testimony of which the witnesses have "personal knowledge." Fed. R. Evid. 602. If Zimmer after the depositions believes the testimony is in truth expert opinion in disguise, or otherwise fails on admissibility, the proper remedy is to bring a motion *in limine* before trial to exclude or limit Berger and Duwelius' testimony. If at that point Berger or Duwelius' testimony has impermissibly veered into expert territory, it may then be necessary for the witnesses to either fulfill the requirements of Federal Rule of Civil Procedure 26, or perhaps face preclusion. But that is for another day.

## **CONCLUSION**

Defendant Zimmer's motion for a Protective Order is DENIED. The Clerk of Court is directed to close the motion at Docket 286.

Dated: New York, New York  
      August 7, 2020

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

4