UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE: ZIMMER M/L TAPER HIP           :
PROSTHESIS OR M/L TAPER               :    MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV          :
TECHNOLOGY AND                        :    18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS          :    18-MC-2859 (PAC)
LIABILITY LITIGATION                  :
                                      :    **ORDER NO. 60**
*This Document Relates to All Cases*  :
-----------------------------------------------------------------x

This order resolves Zimmer's motions to redact several filings and file unredacted versions of the documents with the Court under seal. Specifically, Zimmer moves to redact certain portions of Dr. Richard Iorio's and Ms. Mari Truman's expert reports, which Zimmer offers as exhibits in support of its *Daubert* motions and motion for summary judgment. Zimmer's Mot. Seal 1–2, ECF No. 369.[1] Zimmer also moves to redact portions of Dr. Jeremy Gilbert's expert report (Pls.' Ex. O) and Dr. Gilbert's deposition transcript (Pls.' Ex. U), which Plaintiffs submitted as exhibits in support of their motion to exclude Dr. Gilbert's expert testimony. Zimmer's Letter 2–5, ECF No. 394.[2] Zimmer's proposed redactions are limited to the exhibits themselves; Zimmer does not seek to redact anything from its memoranda in support of its motions or its Local Civil Rule 56.1 statement of undisputed material facts. For the

---

[1] All ECF citations are to case number 18-md-2859.

[2] Technically, Plaintiffs moved for permission to file these exhibits under seal and make the requested redactions (Pls.' Mot. Seal 1–2, ECF No. 377), but they did so out of courtesy to Zimmer, who is the party interested in the confidentiality of the information. "The party seeking the sealing of judicial documents bears the burden of showing that higher values overcome the presumption of public access." *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). Accordingly, the Court directed Zimmer to identify which portions of Plaintiffs' materials it would like redacted, if any, and Zimmer did so by letter (ECF No. 394). The Court treats both requests to seal here as originating with Zimmer.

1

reasons that follow, the Court accepts Zimmer's proposed redactions. The parties are directed to publicly file copies of the papers with the redactions specified in this order.

*Applicable Law*

"[I]t is well settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). Filings related to *Daubert* motions are subject to a significant presumption of access under the common law and the First Amendment. *Republic of Turkey v. Christie's, Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019). Because "the more stringent First Amendment framework applies, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

*Dr. Iorio's Expert Report*

With the single exception of paragraph 162, the Court has already ruled that all of Zimmer's proposed redactions to Dr. Iorio's expert report are appropriate. Order No. 59 at 4 & n.3, ECF No. 360. While Dr. Iorio's report here, in the context of a motion for summary judgment, is entitled to a heavier presumption of public access, the Court concludes, for the same reasons discussed in Order 59, that these redactions remain appropriate. *See Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15-cv-2926, 2019 WL 5694256, at *24 (E.D.N.Y. July 22, 2019) (R&R adopted at 2020 WL 1242616, at *12 (E.D.N.Y. Mar. 16, 2020)); *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 2017 WL 9400673, at *7 (N.D.N.Y. 2017) ("As Utica seeks a sealing order only with respect to the portions Judge Sharpe previously ordered to be

sealed, its request is granted."). Additionally, although only the weaker common law presumption of access applied in Order 59, as Dr. Iorio's report was submitted there in opposition to a motion to strike, the Court noted that Zimmer's proposed redactions (which the Court accepted) were narrowly tailored. Order No. 59 at 3. Thus, the narrow tailoring that the First Amendment right of access requires has been satisfied with respect to those redactions.

As for paragraph 162 (which is already redacted in the publicly filed versions of Dr. Iorio's report[3]), redaction is appropriate because paragraph 162 concerns the same internal document that paragraph 161 discusses, and it relays Zimmer's internal response to scientific developments in industry literature. The referenced document is a confidential marketing and sales training document, and paragraph 162 reveals what Zimmer was or was not communicating to its marketing and sales forces at the time. Accordingly, Zimmer's interest in redacting paragraph 162 outweighs the public's interest, "because if the redacted portions were made public, they would reveal . . . marketing strategy . . . which Zimmer's competitors could use to gain an unearned competitive edge (thereby causing Zimmer a competitive injury)." Order 59 at 3–4; *see Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018). Zimmer's redaction of paragraph 162 is accepted.

*Ms. Truman's Expert Report*

Zimmer produced a table identifying each redaction that should be maintained, explaining what the material is, and arguing for why each redaction is necessary. Zimmer's Mot. Seal 4–10, ECF No. 369. The Court has compared Zimmer's submission to the redacted portions of Ms. Truman's report and finds that Zimmer's descriptions of the information contained in the redacted portions are accurate. Zimmer's proposed redactions to Ms. Truman's report are

---

[3] ECF No. 349–5; ECF No. 362–1.

warranted, because they are limited to (1) research and development information (including product photographs that reveal design specifications, charts and graphs that reveal performance data and testing parameters, and specific test results) and (2) information regarding Zimmer's internal investigations, efforts at product improvement, and handling of complaints. Zimmer's interest in protecting this confidential information, preventing its competitors from obtaining an undue advantage from it, outweighs the public's interest in accessing the information. *Hypnotic Hats*, 335 F. Supp. 3d at 600; *Uni-Sys., LLC v. U. S. Tennis Ass'n, Inc.*, No. 17 CV 147, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016). If these data were publicly revealed, competitors could simply copy aspects of Zimmer's designs and profit from knowing which side-by-side tests revealed disparities in product performance, or which design parameters yielded observable results. Zimmer's proposed redactions to Ms. Truman's expert report are the least-restrictive means to protect its interests; thus, the redactions are narrowly tailored, and they are accepted.

### *Exhibits O and U*

Exhibits O and U, submitted in connection with Plaintiffs' *Daubert* motion, are judicial documents subject to a significant presumption of public access. *Christie's*, 425 F. Supp. 3d at 221. Here, too, Zimmer provided the Court with a table identifying each redaction and the basis for it. Zimmer's Letter 2–5, ECF No. 394. Zimmer's descriptions of the information contained in the redacted portions of Exhibits O and U are accurate. Zimmer's redactions to Exhibits O and U are limited to (1) certain photographs taken with specialized equipment that show the topography of Zimmer's hip devices; (2) design specifications of its hip devices (such as taper angles and measurements of various topographical features); and (3) confidential testing methods

and parameters used in the research and development of Zimmer's hip devices, along with the results of those tests. As with Ms. Truman's report, these redactions are warranted because if the redacted portions were made public, they would reveal confidential research and development information and data gleaned from internal tests and investigations, which Zimmer's competitors could use to gain an unearned competitive edge (thereby causing Zimmer a competitive injury). *Hypnotic Hats*, 335 F. Supp. 3d at 600; *Uni-Sys.*, 2019 WL 3753780, at *4; *Tropical Sails*, 2016 WL 1451548, at *4. Thus, higher values outweigh the presumption of public access to the few redacted portions of Exhibits O and U; Zimmer's narrowly-tailored redactions are accepted.

Zimmer states that Plaintiffs' Exhibit V (excerpt of Cristina Piecuch's deposition testimony), Plaintiffs' Exhibit W (email from Dr. Gilbert), and Plaintiffs' citations to confidential material in their *Daubert* briefing do not need redaction. Zimmer's Letter 6, ECF No. 394. Accordingly, Plaintiffs are directed to file unredacted copies of those materials.

## CONCLUSION

The Court accepts Zimmer's proposed redactions to the expert reports of Dr. Iorio (*supra* pp. 2–3) and Ms. Truman (*supra* pp. 3–4), and Plaintiffs' Exhibits O and U (*supra* pp. 4–5).

Plaintiffs are directed to publicly file an unredacted copy of their motion to exclude the expert testimony of Dr. Gilbert, along with unredacted copies of Exhibits V and W to that motion (*supra* p. 5).

The Clerk of Court is directed to close the entries at 18-md-2859 ECF numbers 369, 377, and 394; and 18-mc-2859 ECF number 177.

Dated: New York, New York  
June 3, 2021

SO ORDERED

HONORABLE PAUL A. CROTTY  
United States District Judge