UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE: ZIMMER M/L TAPER HIP :
PROSTHESIS OR M/L TAPER : MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV :
TECHNOLOGY AND : 18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS : 18-MC-2859 (PAC)
LIABILITY LITIGATION :
: **ORDER NO. 61**
*This Document Relates to All Cases* :
------------------------------------------------------------x

Zimmer asks the Court to limit Plaintiff Nutting's affirmative deposition designations to 15 hours' worth of testimony, arguing that Plaintiff's current designations (which Zimmer estimates at 50 hours' worth) are overbroad in light of the Court's order that each side will have five trial days (approximately 25–30 hours) for direct and cross examination. Defs.' Mot. Limit Pl.'s Dep. Designations 1 & n.1, 2, ECF No. 439.[1] Plaintiff responds that these designations are all necessary, and that Zimmer's motion is premature—Plaintiff argues that the Court should not limit her designations until after the parties have winnowed them down through the objection and counter-designation process. Pl.'s Resp. to Defs.' Mot. Limit Pl.'s Dep. Designations 1–3, ECF No. 446. The Court will not limit the parties' designations at this time, but the parties are reminded that each side will have only five days in which to present its respective case-in-chief, and the Court will enforce those time limits. *See In re Gen. Motors LLC Ignition Switch Litig.*, Nos. 14-MD-2543, 14-MC-2543, 2016 WL 4493863, at *1 (S.D.N.Y. Aug. 24, 2016). Accordingly, Zimmer's motion is denied.

The Court has allotted three weeks for the *Nutting* bellwether trial. A three-week trial is a significant imposition on jurors. In the interest of respecting the jury's time, the Court cannot

---

[1] All ECF citations are to case number 18-md-2859.

1

let the presentation of evidence go on for as long as some parties prefer. *See* Fed. R. Evid. 611(a)(2). Simply designating more deposition testimony will not lead the Court to extend the time limits for trial. Indeed, "time limits on the presentation of evidence at trial" are "essential if [the courts] are to manage their dockets, as many cases compete for trials and for the attention of judges, and no party has an unlimited call on their time." *Evans v. Port Auth. of N.J.*, 246 F. Supp. 2d 343, 351 (S.D.N.Y. 2003). The Court has inherent authority to manage its docket and place reasonable limitations on the presentation of evidence, and Federal Rule of Civil Procedure 16(c)(2)(O), along with Federal Rules of Evidence 403 and 611, provides the Court with further authority. *Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 202 (D. Conn. 2009). Additionally, "[d]istrict courts in this Circuit have frequently observed that 'there is a long line of cases making clear the authority of district judges to impose reasonable time limitations on trials.'" *Lessoff v. Metro-North Commuter R.R.*, No. 11 Civ. 09649, 2014 WL 1395022, at *8 (S.D.N.Y. Apr. 10, 2014) (quoting *Lidle v. Cirrus Design Corp.*, 278 F.R.D. 325, 331 (S.D.N.Y. 2011), *aff'd*, 505 F. App'x 72 (2d Cir. 2012)). The Court expects the parties to honor the limits it has set, but the Court reserves its right to cut off anyone who exceeds his or her limit. *See, e.g., Lidle*, 278 F.R.D. at 331–32.

For the *Nutting* bellwether trial, the Court will hold trial from 9:00AM–4:00PM daily. There will be a 15-minute break in the morning, a 30-minute break for lunch, and another 15-minute break in the afternoon. That will give an effective trial day of six hours. Each side will have five days for presenting evidence through direct and cross examination, reading exhibits onto the record, and so on. Voir dire, opening statements, closing arguments, instructing the jury, and jury deliberations will not count toward those five days.

Counter-designations will be treated as cross examination for the purpose of calculating time limits. In other words, a party's counter-designations count towards that party's five-day time limit, rather than counting towards the five-day time limit of the party presenting the affirmative deposition designation testimony. Further, the affirmative designations and the counter-designations will be presented at the same time, rather than playing the counter-designations afterwards as part of the counter-designating party's case-in-chief. This process is more efficient and will minimize juror confusion. *See In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL 2829693, at *4 (S.D.N.Y. June 30, 2017).

Dated: New York, New York
July 8, 2021

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY
United States District Judge