UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE:  ZIMMER M/L TAPER HIP
PROSTHESIS OR M/L TAPER                          :     MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV                     :
TECHNOLOGY AND                                   :     18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS                     :     18-MC-2859 (PAC)
LIABILITY LITIGATION                             :
                                                 :     **ORDER NO. 63**
*This Document Relates to All Cases*             :
-----------------------------------------------------------------x

      This order resolves Zimmer's requests to maintain under seal a number of filings related to the parties' *Daubert* motions. Specifically, Zimmer seeks to redact exhibits or portions of memoranda—all submitted by Plaintiffs—regarding four motions: (1) to exclude the testimony of Plaintiffs' expert Dr. Richard Iorio; (2) to exclude the testimony of Plaintiffs' expert Mari Truman; (3) to exclude the testimony of Zimmer's expert Dr. Jeremy Gilbert; and (4) to reconsider the Court's recent *Daubert* and summary judgment decision at ECF No. 466. The exhibits and memoranda at issue are within ECF Nos. 427, 436, 437, 452, and 477.[1] Plaintiffs moved to seal these items,[2] but only out of courtesy to Zimmer, who is the party interested in maintaining the confidentiality of the information contained in the filings.

      "The party seeking the sealing of judicial documents bears the burden of showing that higher values overcome the presumption of public access." *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-cv-3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). Accordingly, Zimmer submitted two letters setting forth its rationale for maintaining the documents under seal. Zimmer's Analysis of Letter Mots. Seal at 1, ECF No. 443 ("Zimmer's First Sealing Letter"); Zimmer's

---

[1] All ECF citations are to case number 18-md-2859.

[2] *See* Pls.' Letter Motions to Seal, ECF Nos. 422, 428, 440, 441, 450, & 473.

1

Analysis of Letter Mots. Seal at 1, ECF No. 491 ("Zimmer's Second Sealing Letter"). The Court treats the requests to seal here as originating with Zimmer, rather than with Plaintiffs.

In its two letters, Zimmer has produced tables identifying each filing that should be maintained under seal, explaining what the filing is, and arguing for why sealing or redaction is necessary. The Court has compared Zimmer's submission to each of the judicial documents at issue and finds that Zimmer's descriptions of the information contained in those documents are accurate. For reasons set forth below, the Court will maintain all of the exhibits under seal, with the following exceptions:

- Regarding the Sealed McNabb Affirmation in Support of Plaintiffs' Memorandum in Opposition to Zimmer's Motion to Exclude Expert Testimony of Richard Iorio, M.D. (ECF No. 427):
    - Exhibit M (ECF No. 427-13) may not be maintained entirely under seal; it must be redacted (as specified *infra* p. 5) and refiled.

- Regarding the Sealed McNabb Affirmation in Support of Plaintiffs' Memorandum in Opposition to Zimmer's Motion to Exclude Testimony of Mari Truman (ECF No. 437):
    - Exhibit J (ECF No. 437-10) must be filed publicly.

- Regarding the Sealed McNabb Affirmation in Support of Plaintiff's Reply Memorandum in Support of its Motion to Exclude Expert Testimony of Dr. Jeremy Gilbert (ECF No. 452):
    - Exhibit A (ECF No. 452-1) may not be maintained entirely under seal; it must be redacted (as specified *infra* p. 10) and refiled.

2

- Regarding the Sealed McNabb Affirmation in Support of Plaintiff's Motion for Reconsideration or for Leave to Disclose a New Expert for the Remaining Initial Bellweather Pool (ECF No. 477):
    - Exhibit H (ECF No. 477-8) must be filed publicly.
    - Exhibit O (ECF No. 477-15) may not be maintained entirely under seal; it must be redacted (as specified *infra* p. 11) and refiled.
    - Exhibit R (ECF No. 477-18) must be filed publicly.
    - Exhibit X (ECF No. 477-24) must be filed publicly.
    - Exhibit FF (ECF No. 477-32) must be filed publicly.

The Court also accepts Zimmer's proposed redactions to Plaintiffs' Memorandum in Opposition of Motion to Exclude Testimony of Mari Truman (redacted, public version at ECF No. 431; unredacted, sealed version at ECF No. 436).

## I.   Applicable Law

Filings related to *Daubert* motions are judicial documents subject to a significant presumption of access under the common law and the First Amendment. *Republic of Turkey v. Christie's, Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019). Because "the more stringent First Amendment framework applies, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "[T]he decision as to access [to judicial documents] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

## II. Exhibits to Sealed McNabb Affirmation in Support of Plaintiffs' Memorandum in Opposition to Zimmer's Motion to Exclude Expert Testimony of Richard Iorio, M.D. (ECF No. 427)

First, Zimmer seeks the continued sealing of two exhibits Plaintiffs submitted in opposition to Zimmer's *Daubert* motion to exclude the testimony of Dr. Richard Iorio: Exhibit M (ECF No. 427-13) and Exhibit N (ECF No. 427-14). *See* Zimmer's First Sealing Letter 2–3, 8. Exhibit M is an excerpt from the deposition of Zimmer researcher Dr. Oludele Popoola, and Exhibit N is an internal Zimmer PowerPoint presentation about which Dr. Popoola was deposed. *See id.* at 2–3; Ex. M at 103; Ex. N. Exhibit N discusses Zimmer's ongoing research and development with respect to fretting and corrosion (along with ongoing investigation efforts) and outlines potential future design methods for mitigating corrosion. *See generally* Ex. N; Zimmer's First Sealing Letter at 2–3.

Exhibit N is the sort of document that is commonly sealed. *See Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.") (citation and quotation marks omitted). Upon reviewing Exhibit N, the Court concludes that Zimmer's concern for protecting its confidential research and development information outweighs the presumption of public access to Exhibit N. Sealing Exhibit N is a narrowly tailored solution to protecting Zimmer's interests; Exhibit N will thus remain under seal in its entirety. *See AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-598, 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021).

Exhibit M, which consists of excerpts from Dr. Popoola's deposition, quotes from and discusses Exhibit N. The Court previously sealed Dr. Iorio's references to Exhibit N in the

context of the parties' *Daubert* motions. *See* Order No. 60 at 2–3, ECF No. 399. Sealing Dr. Popoola's references is likewise warranted to protect the confidential research and development information contained in Exhibit N.

But Exhibit M does not need to be sealed in its entirety. Sealing Exhibit M entirely would not satisfy the requirement to narrowly tailor the sealing order. *See Republic of Turkey*, 425 F. Supp. 3d at 221 ("[S]ome redactions and limited sealing may nevertheless be appropriate if the parties can make a sufficient showing to overcome the presumption of access."). The first five pages of Exhibit M consist of a list of appearances, an index, and questions and answers giving general background information about the location of Dr. Popoola's office. Zimmer has offered no reason why disclosing this information to the public would harm Zimmer, and the Court cannot discern any. *See AngioDynamics*, 2021 WL 776701 at *4 (if a party fails to explain why a judicial document is proprietary or how its disclosure could cause harm, the Court can still "grant a motion to seal if, based on its own review of the documents at issue, it determines that sealing is justified"). Accordingly, Plaintiffs are directed to redact only the final page of Exhibit M (which is page 7 by ECF pagination; page 323 by transcript pagination) and publicly file that redacted version of Exhibit M.

### III. Exhibits to Sealed McNabb Affirmation in Support of Plaintiffs' Memorandum in Opposition to Zimmer's Motion to Exclude Testimony of Mari Truman (ECF No. 437)

Zimmer also seeks the continued sealing of twelve exhibits that Plaintiffs submitted in their opposition to Zimmer's *Daubert* motion to exclude the testimony of Ms. Mari Truman. *See* Zimmer's First Sealing Letter 3–5, 7–8. The Court addresses these exhibits in turn.

Exhibit A (ECF No. 437-1) and Exhibit B (ECF No. 437-2) are similar to one another. Exhibit A is an internal technical memorandum that sets forth Zimmer's product testing

procedures, including test methods and parameters. Exhibit B is a confidential research report that describes testing methods and test results for the M/L Taper with Kinectiv. These exhibits constitute research and development information, disclosure of which could cause Zimmer competitive harm. *See* Zimmer's First Sealing Letter 3. Zimmer's interest in protecting this information outweighs the presumption of public access. *See Grayson v. Gen. Elec. Co.*, No. 13-cv-1799, 2017 WL 923907, at *4 (D. Conn. 2017) (sealing "exhibits contain[ing] specific confidential information regarding product design, testing and evaluation"). Further, redaction is impracticable, as it would encompass nearly all the text and images, leaving the public with unintelligible documents that do nothing to help the public to monitor the federal courts. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 19-cv-10125, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020); *see also United States v. Amodeo*, 71 F.3d 1044, 1052–53 (2d Cir. 1995) ("*Amodeo II*") (reversing district court's decision to unseal part of a report that was so heavily redacted that it "ha[d] been rendered unintelligible," and because its release was "more likely to mislead than to inform the public"). Accordingly, Exhibits A and B will be maintained entirely under seal.

Next are Exhibit C (ECF No. 437-3), Exhibit D (ECF No. 437-4), Exhibit F (ECF No. 437-6), Exhibit G (ECF No. 437-7), and Exhibit K (ECF No. 437-11). These exhibits are PowerPoint presentations which reveal Zimmer's research into taper design and corrosion; internal investigations and complaint handling; testing setups, parameters, and results; and potential future designs. *See* Zimmer's First Sealing Letter 3–4. Exhibit K is the same presentation as Exhibit N (discussed *supra* p. 4), which the Court has already ruled will remain under seal. Exhibits C, D, F, and G will remain under seal for the same reasons (*see supra* p. 4).

6

Redaction is not practicable for these documents, either, so they will be maintained entirely under seal.

Exhibit E (ECF No. 437-5), Exhibit H (ECF No. 437-8), and Exhibit I (ECF No. 437-9) are excerpts of deposition transcripts. Exhibit E consists of excerpts from the Trent Pals deposition, which describe Zimmer's internal testing, test results, and product specifications. Zimmer's First Sealing Letter 7. Exhibit H consists of excerpts from the Leslie Gilbertson deposition, which discuss proprietary design information, along with testing methods and results. *Id.* Exhibit I consists of excerpts from the Sushil Bhambri deposition, in which Bhambri discusses a process Bhambri invented to decrease the fretting potential in machine assisted crevice corrosion, along with Zimmer's internal risk analysis and other design considerations. *See id.* at 7–8. Here, too, Zimmer's interest in protecting this proprietary business information to avoid suffering a competitive disadvantage outweighs the presumption of public access. Redaction is impracticable because it would cover almost every line of these excerpts; accordingly, maintaining these exhibits under seal is a narrowly tailored means of protecting Zimmer's interests. The Court will therefore maintain Exhibits E, H, and I under seal.

Exhibit O (ECF No. 437-19) and Exhibit P (ECF No. 437-20) are emails between Zimmer employees concerning testing proposals, test results, and the employees' impressions of the testing methods used. *See* Zimmer's First Sealing Letter 5. Public disclosure of these short emails would reveal information that Zimmer's competitors could use to gain an unearned competitive advantage (e.g., by copying or avoiding certain testing methods). *See Kewazinga*, 2021 WL 1222122 at *7 ("Unsealing Microsoft's technical information could allow competitors an unfair advantage, and would thus be highly prejudicial to Microsoft."); *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, No. 17-cv-147, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019). Zimmer

7

has overcome the presumption of public access to Exhibits O and P, and they will remain entirely under seal.

Zimmer acknowledges that Exhibit J (ECF No. 437-10), an email and attachment between Dr. Jeremy Gilbert and Zimmer, need not remain under seal. *See* Zimmer's First Sealing Letter 1. Zimmer previously indicated that this email does not need to be sealed, and the Court ordered it publicly filed. *See* Order No. 60 at 5. Accordingly, Plaintiffs are directed to publicly file Exhibit J.

## IV. Plaintiffs' Memorandum in Opposition of Motion to Exclude Testimony of Mari Truman (ECF No. 436)

Zimmer seeks to maintain redactions to Plaintiffs' Memorandum in Opposition of Motion to Exclude Testimony of Mari Truman (ECF No. 436). The redactions are on pages 3, 5–6, 7, 9, 10–12, 22–23, and 26. The redacted portions of page 3 reveal exact design specifications for the Zimmer VerSys head and the Zimmer-Warsaw 12/14 taper. The remaining redactions are all quotations and images from Exhibits A–D, F, G, K, and O, which the Court ordered sealed *supra* pp. 5–7.

Consistent with the Court's decision to maintain those exhibits under seal, the Court will also maintain these redactions under seal. The redactions are narrowly tailored, as they cover only that which the Court has already ordered sealed. *See Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 2017 WL 9400673, at *7 (N.D.N.Y. 2017) ("As [Plaintiff] seeks a sealing order only with respect to the portions Judge Sharpe previously ordered to be sealed, its request is granted."); *see also* Order No. 60 at 4 (sealing design specifications).

8

V.  **Exhibits to Sealed McNabb Affirmation in Support of Plaintiffs' Reply Memorandum in Support of its Motion to Exclude Testimony of Dr. Jeremy Gilbert (ECF No. 452)**

Up next are excerpts of three deposition transcripts submitted with Plaintiffs' *Daubert* motion to exclude the testimony of Dr. Jeremy Gilbert. Zimmer claims all three exhibits discuss its confidential trade secret information, proprietary research, and development information. *See* Zimmer's Second Sealing Letter 3.

Exhibit A (ECF No. 452-1) contains two excerpts of Cristina Piecuch's deposition transcript. The first excerpt, pages 74–77, was previously unsealed by the Court after Zimmer declined to provide any redactions. *See* Order No. 60 at 5. The excerpt has already been made part of two public filings. *See* ECF Nos. 391-22; 406-1. Even if Zimmer is now correct that pages 74–77 contain valuable testing information, the Court cannot "make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).[3] The public has had access to this excerpt for several months since the Court ordered it unsealed in June 2021, and Zimmer has not objected to its public status during that time, despite additional iterations filed on ECF. Thus, the Court declines to seal pages 74–77 of Exhibit A.

The second excerpt of Exhibit A, pages 106–109, has not yet been addressed. The Court agrees with Zimmer that pages 106–109 contain internal engineering analyses about testing which could harm Zimmer's competitive standing if they were unsealed. *See Tyson Foods*, 2020

---

[3] Although this rule might appear harsh when it comes to inadvertent unsealing, the Second Circuit has noted the rule applies to a document that was made public "whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) (citation omitted). Assuming pages 74–77 of Exhibit A are now available online beyond this Court's docket, it would be an "extraordinary . . . request to require privately owned and operated publishers to discontinue publishing public records, raising as it would serious constitutional questions." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*, 547 F.3d 109, 114 (2d Cir. 2008).

9

WL 5819864 at *2. The excerpt spans only a few pages, and redactions would render it incomprehensible to the public. *See id.* Thus, pages 106–109 of Exhibit A will remain under seal. In sum for Exhibit A, Plaintiffs are directed to redact only pages 106–109 (or page 4 by ECF pagination) and publicly file that redacted version of Exhibit A.

Exhibit B (ECF No. 452-2) and Exhibit C (ECF No. 452-3) contain additional excerpts of the Bhambri and Gilbertson depositions, respectively. These excerpts discuss internal testing parameters and design decisions made by Zimmer—just like the other excerpts of the Bhambri and Gilbertson depositions that were ordered sealed *supra* p. 7. For the same reasons, Exhibits B and C will remain under seal.

### VI. Exhibits to Sealed McNabb Affirmation in Support of Plaintiffs' Motion for Reconsideration or for Leave to Disclose a New Expert for the Remaining Initial Bellweather Pool (ECF No. 477)

Finally, Zimmer seeks to maintain under seal exhibits from Plaintiffs' motion for reconsideration or for leave to disclose a new expert. *See* Zimmer's Second Sealing Letter 4–5. Again, the Court will address each exhibit individually.

Exhibit B (ECF No. 477-2), Exhibit L (ECF No. 477-8), and Exhibit DD (ECF No. 477-30) are the unredacted expert reports of Mari Truman, Dr. Jeremy Gilbert, and Dr. Richard Iorio, respectively. These reports have already been redacted by this Court. *See* Order No. 59 at 4, ECF No. 360; Order No. 60 at 5. Here, Plaintiffs filed the public versions of these reports consistent with the Court's orders. Thus, the Court will continue to maintain the unredacted versions of these exhibits under seal.

Zimmer seeks to maintain a different subset of exhibits fully under seal: Exhibit P (ECF No. 477-16), Exhibit Q (ECF No. 477-17), Exhibit U (ECF No. 477-21), Exhibit AA (ECF No. 477-27), Exhibit BB (ECF No. 477-28), and Exhibit CC (ECF No. 477-29). Of these, Exhibits

10

P, Q, U, and CC are internal Zimmer emails, PowerPoint presentations, or reports that contain research and development information related to Zimmer's hip replacement products—the disclosure of which could harm Zimmer to the unearned benefit of its competitors. *See* Order No. 59 at 3–4. Exhibit AA is an excerpt of Bernadette Wagner's deposition containing confidential financial data owned by Zimmer, including product costs and profit margins. Exhibit BB is the corresponding spreadsheet containing that data. The sales data from Exhibits AA and BB could likewise be used by Zimmer's competitors and lead to injury; they are the types of documents courts commonly seal. *See id.*; *see also Kewazinga Corp.*, 2021 WL 1222122 at *6. Thus, the Court will maintain exhibits P, Q, U, AA, BB, and CC under seal.

Zimmer seeks a partial redaction of Exhibit O (ECF No. 477-15). Specifically, Zimmer seeks to redact page 10, which contains an image from Exhibit CC. The paragraph above the image also discusses test results related to Exhibit CC. Because Exhibit CC remains under seal, the Court orders Plaintiffs to refile Exhibit O publicly, but with the image and the first paragraph on page 10 (or page 12 by ECF pagination) redacted.

Zimmer does not object to unsealing four other exhibits included in this Affirmation, even though Plaintiffs designated them as confidential. *See* Zimmer's Second Sealing Letter 1–2. Those exhibits are Exhibit H (ECF No. 477-8), Exhibit R (ECF No. 477-18), Exhibit X (ECF No. 477-24), and Exhibit FF (ECF No. 477-32). Given the presumption of public access, the Court orders Plaintiffs to refile these four exhibits publicly.

## CONCLUSION

Plaintiffs are directed to publicly file the documents that have been ordered unsealed as summarized at pages 2–3, *supra*. The Court appreciates the parties' continued cooperation and full disclosure regarding these sealing issues, which allows the Court to consider carefully what needs to be kept secret, and what can be disclosed to the public. *See* Order No. 59 at 3.

The Clerk of Court is directed to close the entries at ECF Nos. 422, 428, 440, 441, 450, and 473.

Dated: New York, New York
October 7, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge